UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO.   8:05-cr-293-T-23TGW
                                                                     8:14-cv-813-T-23TGW

DONYELLE CHILDS
_____/

## O R D E R

Childs's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for possession with intent to distribute cocaine and for possession of a firearm by a convicted felon, for which offenses he serves 262 months. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)* (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any

---

   * Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Childs's motion is barred.

Childs is precluded from pursuing a second or successive motion without permission from the circuit court. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). Childs's earlier motion to vacate in 8:07-cv-1630-T-23TGW was rejected on the merits. His subsequent challenge to this same conviction in 8:08-cv-2417-T-23TGW was dismissed as second or successive without the requisite permission from the circuit court. Childs shows no authorization from the circuit court to file the present motion to vacate.

Childs seeks to challenge his sentence based on *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013). However, that decision was vacated recently and awaits an *en banc* review. Order, No.10-10676 (11th Cir. Mar. 7, 2014). As Section 2244(b)(3)(A) requires, Childs must obtain permission from the circuit court before filing a second or successive motion to vacate in the district court. Childs should review Section 2255(h) for the requirements to obtain leave to file a second or successive motion to vacate.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as unauthorized.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Childs is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Childs must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is an unauthorized second or successive motion to vacate, Childs is entitled neither to an appeal *in forma pauperis* nor to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Childs must obtain permission from the circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on April 16, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE